PEOPLE v CUNNINGHAM

CRIMINAL LAW—PLEA OF GUILTY—COURT RULES—METICULOUS COMPLIANCE—FACTUAL BASIS ON RECORD.

> The court rule governing acceptance of guilty pleas must be meticulously complied with as to all matters of substance, and therefore it is reversible error for a court to accept a guilty plea to assault with intent to rob being armed when the factual basis underlying the plea on the record fails to disclose that defendant was in fact armed (GCR 1963, 785.7).

Appeal from Recorders Court of Detroit, James Del Rio, J. Submitted Division 1 January 9, 1975, at Detroit. (Docket No. 19294.) Decided January 29, 1975. Leave to appeal denied, 394 Mich —.

Leonard Cunningham was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Robert M. Cohn,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

21 Am Jur 2d, Criminal Law §§ 487, 492–496.

Duty of court, upon plea of guilty or nolo contendere to offense involving several degrees, to hear evidence to determine degree. 34 ALR2d 919.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

QUINN, P. J. October 2, 1973, defendant pleaded guilty to assault with intent to rob being armed, MCLA 750.89; MSA 28.284. He was sentenced and he appeals on a single issue, namely: was it reversible error for the trial court to accept the plea when the factual basis underlying the plea failed to disclose that he was armed?

Reluctantly, but unhesitatingly, we must answer yes. The plea was taken subsequent to the effective date of GCR 1963, 785.7. The record does not disclose that defendant was armed. GCR 1963, 785.7(3)(c) required the trial judge to reject the plea. Failure to do so constituted reversible error, GCR 1963, 785.7(5).

So long as GCR 1963, 785.7 is in effect, trial judges taking pleas and judges of the Court of Appeals reviewing pleas taken should forget they are judges. Their function in these proceedings is clerical. Their job is to see that GCR 1963, 785.7, chapter and verse, is, or has been, meticulously complied with as to all matters of substance, including t's crossed and i's dotted, *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974).

Reversed and remanded.